The opinion of the Court was drawn up by
Appleton, J.
On the sixth day of May, 1857, Rufus Mansur was the undisputed owner of the premises claimed by both parties, and, being such owner, on the same day conveyed them to Henry Sincock. As the title was thus perfect in him, he and his grantee might convey in such terms as they should deem expedient, and the rights of the parties deriving their titles from and through them are to be determined by the language used in the conveyances, under which they respectively claim.
The deed from Mansur to Sincock conveys two tracts of land, separate and distinct, one of which is bounded by the other.
The first described tract embraces by course and distance, length of line and monument, the premises in controversy, and is conveyed in the same language by Sincock to Love-ring and by him to the demandant.
The second tract, in the deed from Mansur to Sincock, is land and a mill privilege " west of the west line of the parcel of land herein before described,” and, after referring to previous deed, and to other lines, the deed concludes— *316 " thence easterly, on said south line, to the west line of said reserved passage way and thence northerly, on said west line and the west line of the said first described parcel of land, to the place of beginning, with the mills thereon,” &c. It is apparent, therefore, that there can be no possible conflict of line between these different tracts. Each are described in clear and unmistakeable terms, and the second is bounded by the first, so that if it is possible to ascertain the boundaries of the first, those of the second tract are necessarily bounded thereby.
On the 27th Aug., 1859, Sincock conveyed to the tenant " one half in common and undivided of the following described real estate, situated on a part of lot numbered, thirty-eight, in said Houlton, being the mills and privileges conveyed to me by Rufus Mansur, by his deed dated May 16, 1859, and bounded as follows, to wit: — beginning on the south line of said lot numbei’ed thirty-eight, and on the lower or west line of a one rod passage way, as laid out by P. P. Burleigh, near the bank of the stream, thence northerly, on the lower line of said passage way, to the west line of the store lot formerly owned and occupied by Edward Kelleran, and which was conveyed to me in the aforementioned (deed) by said Mansur, thence continuing northerly, on said west line, to the Meduxnekeag stream, thence up said stream to the south line of said lot numbered thirty-eight, and thence easterly, on said south line, to the place of beginning, together with all my right, title and interest in said reserved passage way, dams and right of. water belonging to said privilege,” &c.
This deed purports to convey only the title conveyed by Rufus Mansur, by deed of May 16, 1859. If so, it is not in conflict with the claim of the demandant, for the second tract, described in his deed to Sincock, is bounded by the first.
It appears that, on May 19, 1834, Peleg Lander conveyed a part of his lot (being part of lot 38) to Edward Kelleran, being less than half an acre, upon which he had built and *317 occupied a store, and that, on Nov. 17, 1835, Kelleran conveyed the same to Henry Frothingham and others, " excepting therefrom the lot on which my store now stands, &c., beginning at a point eight feet west of a line drawn parallel with the west side of said store, and thence running northerly on a line parallel with and eight feet from said store, to a point eight feet west of the north-west corner of said store,” &c.
It is urged that " the store lot, owned and occupied by Edward Kelleran,” is the lot as excepted in the deed last referred to, and not the store lot, as occupied before and as originally conveyed.
But this construction fails to answer the calls of the tenant’s deeds. The passage way, as laid out by Burleigh,, is not in dispute. The lower line of the passage way does not touch the Kelleran store lot, as claimed by the tenant, nor does its west line touch the Meduxnekeag stream.
On the other hand, the passage does not touch the Kelleran store lot, as claimed by the demandant, and its west line runs to the Meduxnekeag stream.
" The store lot, formerly owned and occupied by Edward Kelleran,” is the one " which was conveyed to me (Sincock) in the aforementioned (deed) by said Mansur.” But the lot thus conveyed was the lot conveyed by Lander to Kelleran, not the lot as described in the exception in the deed of the latter to Frothingham. Mansur had, or purported to have, the original Kelleran title, and might, if he chose, convey it. That he did so, is clear from the language of his deed. Equally clear is it, that he neither conveyed, nor intended to convey the Kelleran lot as excepted.
The title to the premises conveyed to both parties having become vested in Mansur, and, after his conveyance, in Sincock, the previous occupation of either portion of the premises becomes immaterial. The rights of the parties must depend upon the plain and unambiguous language of the deeds under which they respectively derive their titles, and not upon previous conversations or vague expectations or understandings.
*318 The fee in the land is to be regarded as distinct from an easement in the same. The fee may be in one and the easement in another. The demandant, having the fee, is entitled to recover, notwithstanding the tenant may have an easement in the passage way for the nse of the mill. But, of the rights, of either party to the passage way, it is not necessary to give an opinion in this case.

Defendant defaulted.

Tenney, C. J., Rice, Cutting, May and Kent, JJ,, concurred.